```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/1/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA M. GONZÁLEZ-BLANCO, THERESE BLANCO-GONZALEZ, and PHILIP ECONOMAS,

    Plaintiffs,

-against-

POLICE DEPARTMENT OF GREENBURGH, BRIAN HENNESSEY OF DOBBS FERRY SWAT, JUDGES OF WESTCHESTER COUNTY, JUDGE FOSTER, THE TOWN OF GREENBURGH JUDGES, and THE DOBBS FERRY SWAT TEAM,

    Defendants.

No. 13-cv-8708 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

  Maria M. González-Blanco, Therese Blanco-Gonzalez, and Philip Economas ("Plaintiffs") bring this action *pro se in forma pauperis* against Brian Hennessey[1] ("Defendant") for alleged constitutional violations. Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is GRANTED.

## BACKGROUND

  Plaintiffs allege that, at 10:00 p.m. on December 3, 2010, officers from the Dobbs Ferry Swat Team, the Greenburgh Police Department, and the Greenburgh K-9 Unit executed a "no-knock" warrant at 367 Evandale Road in Scarsdale, New York. (Compl. at 3, ECF No. 4.) Plaintiffs González-Blanco and Economas were present at the premises and arrested. (*Id.* at 3.) Nonparties Joseph Fischman, Suhie Zaky, and Holden Sherman were also allegedly present and arrested. (*Id.*) Plaintiffs allege that the police officers who executed the search broke down the

---

[1] The Court dismissed Plaintiffs' claims against departmental and judicial persons or entities by Order dated January 9, 2014. (*See* ECF No. 7.)



Copies mailed/faxed 6/1/2015
Chambers of Nelson S. Román, U.S.D.J.

door, that they damaged or destroyed some of Plaintiffs' property, and that someone struck González-Blanco with a firearm. (*Id.* at 3-4.) The officers allegedly took González-Blanco to White Plains Hospital where she allegedly received an MRI. (*Id.* at 3.) She alleges that as a result of these injuries, she experienced premature and abrupt menopause. (*Id.*) Plaintiff Blanco-Gonzalez was not present, but allegedly suffered a mild heart attack. (*Id.* at 3.) Plaintiffs González-Blanco and Economas also claim they were denied a phone call, they were denied counsel, they were not read a *Miranda* warning, they were not given the opportunity to confront a "secret witness," their seized property was not returned, and the judges who signed the warrant and disposed of the González-Blanco and Economas cases were "forced to step down for illegalities." (*Id.* at 3-4.) Plaintiffs seek return of the property allegedly seized during the search and compensation for property damage and González-Blanco's and Blanco-Gonzalez's injuries and medical expenses. (*Id.* at 4.) Economas also seeks to have his record expunged, but provides no details. (*Id.*)

### STANDARD ON A MOTION TO DISMISS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir.

2010).  A court should accept non-conclusory allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008).  "[T]he duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir. 1998)).

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*."  *Thomas v. Westchester*, No. 12–CV–6718 (CS), 2013 WL 3357171 (S.D.N.Y. July 3, 2013); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  The court should read *pro se* complaints "to raise the strongest arguments that they suggest."  *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).  Even so, "pro se plaintiffs . . . cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level."  *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (internal quotation marks omitted).  Dismissal is justified where "the complaint lacks an allegation regarding an element necessary to obtain relief," and the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it."  *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

## DISCUSSION

The Complaint purports to advance constitutional claims for excessive force; denial of rights to counsel, confrontation, and a *Miranda* warning; unduly destructive search; and failure to return seized property.

Even though Plaintiffs have not specified a statutory basis for their claims, the Court analyzes claims of this type under 42 U.S.C. § 1983.  To state a § 1983 claim, a plaintiff must allege (1) "that the defendants have deprived him [or her] of a right secured by 'the Constitution and laws' of the United States" and (2) "that the defendants acted under 'color of state law' in infringing his [or her] constitutionally protected right." *Stevens v. Dutchess County, N.Y.*, 445 F. Supp. 89, 91 (S.D.N.Y. 1977) (quoting *Van Horn v. Lukhard*, 392 F. Supp. 384, 386 (E.D. Va. 1975)).  Individual defendants can be liable for § 1983 violations only if they were "personally involved" in the alleged constitutional deprivations. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Rekowicz ex rel. Congemi v. Sachem Cent. Sch. Dist.,* No. CV 11–1561, 2012 WL 4172732, at *4 (E.D.N.Y. July 2, 2012).  "When a complaint's caption names a defendant but the complaint does not indicate that the named party injured the plaintiff or violated the law, the motion to dismiss must be granted." *Jaffer v. Chemical Bank,* No. 93 CIV. 8459(KTD), 1994 WL 392260, at *3 (S.D.N.Y. July 26, 1994); *Rodriguez v. Chandler,* 641 F. Supp. 1292, 1294, n.1 (S.D.N.Y. 1986), *aff'd*, 841 F.2d 1117 (2d Cir. 1988)).

The Complaint should be dismissed in its entirety because it does not make any factual allegations involving the only remaining defendant, Detective Hennessey.  Detective Hennessey is never mentioned in the Complaint after being identified as a party.  The Complaint does not allege that Detective Hennessey struck González-Blanco, destroyed property, or was even present for the search.  As to claims based on post-arrest conduct (with respect to rights to counsel, confrontation, *Miranda* warning, and the return of seized property), there is no allegation that Detective Hennessey participated in any way.  It appears that the only reason Plaintiffs named Detective Hennessey as a defendant is that he is mentioned by name in the

search warrant.  (*See* Sandel Affirmation Ex. A, ECF No. 20-1.)  This renders all of the claims defective.

Additionally, Plaintiffs' claims based on confrontation and the right to counsel contain "labels and conclusions" but no factual allegations (the only allegations are:  "Finally – "The Secret Witness' Because [*sic*] under the law a person has a right to face their accuser – Face we will.  A secret no more.  For which that was a violation too!" and "No Phone Call, No Attorney").  Plaintiffs' *Miranda* claim is legally insufficient because the failure to read a *Miranda* warning is not a constitutional deprivation and therefore cannot be grounds for a § 1983 action.  *Chavez v. Martinez*, 538 U.S. 760, 772 (2003).  Finally, there is no due process claim for failure to return seized property where adequate post-deprivation remedies are available.  *Phelan v. Sullivan*, No. 5:10-CV-724, 2010 WL 2948217, at *7 (N.D.N.Y. July 7, 2010), *report and recommendation adopted*, No. 5:10-CV-724, 2010 WL 2948188 (July 22, 2010); *Willis v. Davis*, No. 88 CIV. 0999 (RPP), 1989 WL 38120, at *1 (S.D.N.Y.  Apr. 10, 1989).  The state remedies available for return of seized property under New York law include a state-law action for replevin and an Article 78 action for review of a refusal after demand.  *See Phelan*, 2010 WL 2948217, at *7; *see Ruiz v. City of New York*, 469 N.Y.S.2d 714, 714 (N.Y. App. Div. 1983) (citing *Boyle v. Kelley*, 365 N.E.2d 866 (N.Y. 1977)).  These post-deprivation remedies have been found constitutionally adequate.  *Phelan*, 2010 WL 2948217, at *7.  Therefore, a federal claim will not lie, and because this Order dismisses all other federal claims, the Court declines to exercise jurisdiction over any potential state claim for replevin or under Article 78.

Plaintiffs advance additional allegations (and some wholly new claims) in their opposition papers that do not appear in the Complaint.  A party is not entitled to amend a complaint through statements made in opposition papers.  *Wright v. Ernst & Young LLP*, 152

F.3d 169, 178 (2d Cir. 1998) (citing *IIT v. Cornfeld*, 619 F.2d 909, 914 & n.6 (2d Cir. 1980)). The Court has disregarded these statements for purposes of deciding this motion. But a *pro se* complaint "should not be dismissed without granting leave to replead at least once when such a reading 'gives any indication that a valid claim might be stated.'" *Thomas v. Colletti*, No. 13-CV-04827 NSR, 2014 WL 1329947, at *4 (S.D.N.Y. Mar. 28, 2014) (quoting *Barms v. United States*, 204 F. App'x 918, 919 (2d Cir. 2006)). Accordingly, Plaintiffs are granted leave to replead to assert these additional allegations or theories. However, because their *Miranda* claim is legally invalid, it is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED with leave to replead, except with respect to the *Miranda* claim, which is dismissed with prejudice. Plaintiffs shall have until July 3, 2015 to file an Amended Complaint. The Court respectfully directs the Clerk to terminate the motion at ECF No. 18.

Dated: June /, 2015  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge